UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :    Criminal No.:

     v.                                          :    Filed:

MONOSIS, INC., STU ASSOCIATES, INC.,
and MICHAEL THEODOROBEAKOS,          :    Violation:    15 U.S.C. § 1

                Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 CRIM.   261**

## PLEA AGREEMENT

The United States of America and the defendants Monosis, Inc. ("Monosis") and

STU Associates, Inc. ("STU"), corporations organized and existing under the laws of

New York; and Michael Theodorobeakos ("Theodorobeakos") hereby enter into the

following plea agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal

Rules of Criminal Procedure ("Fed R. Crim. P.").

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

    1.     Monosis, STU and Theodorobeakos will each waive indictment pursuant to

Fed. R. Crim. P. 7(b), and plead guilty to a one count Information, in the form attached, in

the United States District Court for the Southern District of New York in which each is

charged with violating one count of 15 U.S.C. § 1 in connection with a conspiracy to rig

bids beginning in and around 2000 and continuing until September of 2005 to the

Facilities Operations and Engineering Department of New York Presbyterian Hospital

("NYPH") and to the Department of Engineering of Mount Sinai Medical Center ("Mount Sinai").

## DEFENDANTS' COOPERATION

2.    Monosis, STU and Theodorobeakos will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving maintenance and/or insulation services at NYPH and at Mount Sinai, as well as, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Monosis, STU and Theodorobeakos shall include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, including claimed personal documents, in the possession, custody, or control of Monosis, STU and/or Theodorobeakos that may be requested by the United States in connection with any Federal Proceeding;

(b) Theodorobeakos agrees to make himself available for interviews with the attorneys and agents of the United States, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and/or agents of the United States;

(c) Theodorobeakos agrees to bring to the attention of the United States all

2

crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) Theodorobeakos agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) Monosis, STU and Theodorobeakos agree upon the request of the United States, to voluntarily provide the United States with any materials or information, not requested in (a)-(c) of this paragraph, that may relate to any such Federal Proceeding;

(f) Theodorobeakos, when called upon to do so by the United States in connection with any Federal Proceeding, will testify in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(g) Theodorobeakos agrees to commit no further crimes whatsoever.

3.    Monosis, STU and Theodorobeakos agree that any assistance they may provide to federal criminal investigators in connection with any Federal Proceeding shall

be pursuant to the specific instructions and control of the Antitrust Division and those federal criminal investigators.

4.      The Defendants agree that prior to the date of sentencing they will make their best efforts to make restitution to Mount Sinai.

## GOVERNMENT'S AGREEMENT

5.      If Monosis, STU and Theodorobeakos fully comply with the understandings specified in this Agreement, the Antitrust Division of the Department of Justice agrees not to bring further criminal charges against them for crimes committed prior to the date of this Agreement: a) arising out of their participation in a combination and conspiracy to rig bids for maintenance and/or insulation services at NYPH and Mount Sinai beginning in and around 2000 through September of 2005; and (b) the payment of money to employees or agents of Mount Sinai.  The scope of the protection afforded in this paragraph is limited to the activities stated above that the Defendants have disclosed to the United States, as of the date of this Agreement.  This paragraph does not apply to civil matters of any kind, violations of federal tax or securities laws, or crimes of violence.

6.      Theodorobeakos understands that he may be subject to administrative action (including removal from the United States) by the United States Immigration and Customs Enforcement of the United States Department of Homeland Security ("DHS"), and that this plea agreement does not control, in any way, what action, if any, DHS may take.  However, the Antitrust Division of the United States Department of Justice agrees

4

that, if administrative proceedings are instituted against Theodorobeakos, it will advise DHS of the fact, manner and extent of his cooperation with the United States.  Subject to the full and continuing cooperation of Theodorobeakos, as described in Paragraph 16 of this Agreement, the Antitrust Division of the United States Department of Justice, in order to obtain the Theodorobeakos's promised cooperation and assistance, further agrees to recommend that DHS not institute removal proceedings during the period of his cooperation and, if proceedings are ultimately instituted, when appropriate, recommend that DHS grant deferred action status to Theodorobeakos.

7.      It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice.  However, if requested, the Antitrust Division will bring the fact, manner and extent of the cooperation of Monosis, STU and/or Theodorobeakos to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM SENTENCES

8.      Monosis and STU understand that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C § 1); or

(b) twice the gross pecuniary gain the conspirators derived from the crime

5

(18 U.S.C. § 3571(c) and (d)); or

(c)  twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

9.      In addition, Monosis and STU understand that:

(a)  pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)  pursuant to U.S.S.G. §8B1.1 or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order Monosis and STU to each pay a $400 special assessment upon conviction for the charged crime.

10.     Theodorobeakos understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years year following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

11.     In addition, Theodorobeakos understands that:

(a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3663(a)(3) or 3583(d), the Court may impose an order of restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

12.     Monosis, STU and Theodorobeakos understand the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. Monosis, STU and Theodorobeakos understand that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. Monosis, STU and Theodorobeakos understand that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

13.    The United States and Monosis and STU agree and stipulate that the Sentencing Guidelines in effect on the day of sentencing should be applied.

14.    The United States and Theodorobeakos agree and stipulate that the Sentencing Guidelines in effect at the time of the offense (Nov. 2004) should be applied, pursuant to U.S.S.G. § 1B1.1(b).

## SENTENCING AGREEMENT

15.    The United States and the Defendants stipulate that the Defendants' "volume of commerce," as that term is used in U.S.S.G. § 2R1.1, is no more than $400,000.

16.    Monosis, STU and Theodoroobeakos understand that the sentences to be imposed on them are within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court.  The defendants acknowledge that their entries of  guilty pleas to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence.  The United States cannot and does not make any promises or representations as to what sentences Monosis, STU and Theodorobeakos will receive. The defendants understand that, as provided in Fed R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the parties' sentencing recommendation, the defendants nevertheless have no right to withdraw their pleas of guilty. However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and

8

extent of Monosis's, STU's and Theodorobeakos's activities with respect to this case, and all other activities of Monosis, STU and Theodorobeakos which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Monosis', STU's and Theodorobeakos's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by Monosis, STU and Theodorobeakos both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of Monosis, STU and Theodorobeakos therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of Monosis, STU and Theodorobeakos, and to supply any other information that the Court may require.

17.     If the United States determines that Monosis has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion pursuant to U.S.S.G. § 8C4.1 to recommend a downward departure for the substantial assistance Monosis provided to the United States.  The United States and Monosis further agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court must consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining Monosis's ability to pay a fine. The United

States and Monosis are free to recommend or argue for any specific sentence to the Court.

18.     If the United States determines that STU has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion pursuant to U.S.S.G. § 8C4.1 to recommend a downward departure for the substantial assistance STU provided to the United States.  The United States and STU further agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court must consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining STU's ability to pay a fine. The United States and STU are free to recommend or argue for any specific sentence to the Court.

19.     Theodorobeakos understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

20.     If the United States determines that Theodorobeakos has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Theodorobeakos in light of the factors set forth in U.S.S.G. § 5K1.1(a) (1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines ranges for incarceration and fine. The United States

and Theodorobeakos are free to recommend or argue for any specific sentence to the Court.

21.    Monosis, STU and Theodorobeakos acknowledge that the decision whether they have provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that Monosis, STU or Theodorobeakos have not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, but will not entitle Monosis, STU and/or Theodorobeakos to withdraw their respective guilty plea once it has been entered. Monosis, STU and Theodorobeakos further understand that whether or not the United States files its motions pursuant to U.S.S.G. §§ 8C4.1 and 5K1.1, the sentence to be imposed on them remains within the sole discretion of the sentencing judge.

22.    Monosis, STU and Theodorobeakos  understand and agree that should the conviction following their pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendants, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses

11

based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## REPRESENTATION BY COUNSEL

23.    Monosis, STU and Theodorobeakos have represented by counsel and are fully satisfied that their attorneys, including immigration counsel for Theodorobeakos, have provided competent legal representation.  The Defendants have thoroughly reviewed this Plea Agreement with their attorneys and acknowledges that counsel has advised them of the nature of the charge, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

24.    The Defendants hereby acknowledge that they have accepted this Agreement and decided to plead guilty because they are in fact guilty. By entering this plea of guilty, the Defendants waive any and all right to withdraw their plea or to attack their conviction, either on direct appeal or collaterally, on the ground that the United States has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of the Defendants, and impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that have not already been produced as of the date of the signing of this Agreement.

25.    The Defendants decision to enter into this Agreement and to tender pleas

12

of guilty are freely and voluntarily made and are not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to the Defendants as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

26.    Monosis, STU and Theodorobeakos agree that should the United States determine in good faith that Monosis, STU and/or Theodorobeakos have given false, misleading, or incomplete information or testimony, or that Monosis, STU and/or Theodorobeakos have failed in any other way to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for Monosis, STU and/or Theodorobeakos in writing by personal or overnight delivery or facsimile transmission of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Monosis, STU and/or Theodorobeakos will be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement.

27.    If Monosis, STU and/or Theodorobeakos violate any provision of this Agreement, they agree that any documents, statements, information, testimony or evidence provided by Monosis, STU and/or Theodorobeakos, whether before or after the

13

execution of this Agreement, and any leads derived therefrom, shall be admissible in evidence in any and all criminal proceedings hereafter brought against Monosis, STU and/or Theodorobeakos, and that neither will assert a claim under the United States Constitution, any statute, Rule 11(f) of the Fed. R. Crim. P., Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such evidence, or any leads therefrom, should be suppressed.

### ENTIRETY OF AGREEMENT

28.     This Agreement constitutes the entire agreement between and among the United States and Monosis, STU and Theodorobeakos concerning the disposition of the charge contained in the attached Information. The United States has made no other promises to or agreements with Monosis, STU and/or Theodorobeakos. This Agreement cannot be modified other than in a writing signed by the parties.

29.     The undersigned is authorized to enter this Agreement as evidenced by the Resolutions of the Board of Directors of the defendants attached to, and incorporated by reference in, this Plea Agreement.

30.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: APRIL 4, 2007

_____

MICHAEL THEODOROBEAKOS
for MONOSIS, INC. and for
STU ASSOCIATES, INC.

_____

STEPHEN J. McCAHEY

_____

NICHOLAS M. DEFEIS, ESQ.
Counsel for
MICHEAL THEODOROBEAKOS
MONOSIS, INC.,
and STU ASSOCIATES, INC.

_____

DEBRA C. BROOKES

_____

JEFFREY D. MARTINO
Attorneys, Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Phone: (212) 264-0656

15

## RESOLUTIONS ADOPTED BY SOLE

## DIRECTOR AND SHAREHOLDER

## OF

## STU Associates, INC.

The undersigned, Michael Theodorobeakos, being the sole Director and Shareholder of STU Associates, Inc. (the "Corporation"), hereby adopts the following resolutions:

**RESOLVED**, that the terms, covenants and conditions of Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos between Jeffrey D. Martino, Attorney, Department of Justice, Antitrust Division and the Corporation presented to the meeting be, and they hereby are, approved, and that a copy of said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos be annexed to the minutes of the meeting, and that the officers of the Corporation hereby are authorized to execute and deliver said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos in the name and on behalf of the Corporation and to take such actions as may be necessary or advisable to perform the provisions of said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos.

**RESOLVED**, that all of the actions of the officers of the Corporation during the preceding year are hereby ratified and confirmed.

Dated: March 29, 2007

Michael Theodorobeakos

## RESOLUTIONS ADOPTED BY SOLE

## DIRECTOR AND SHAREHOLDER

## OF

## MONOSIS, INC.

The undersigned, Michael Theodorobeakos, being the sole Director and Shareholder of Monosis, Inc. (the "Corporation"), hereby adopts the following resolutions:

**RESOLVED**, that the terms, covenants and conditions of Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos between Jeffery D. Martino, Attorney, Department of Justice, Antitrust Division and the Corporation presented to the meeting be, and they hereby are, approved, and that a copy of said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos be annexed to the minutes the meeting, and that the officers of the Corporation hereby are authorized to execute and deliver said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos in the name and on behalf of the Corporation and to take such actions as may be necessary or advisable to perform the provisions of said Voluntary Plea Agreement in the matter of United States of America vs. Monosis, Inc; STU Associates; and Michael Theodorobeakos.

**RESOLVED**, that all of the actions of the officers of the Corporation during the preceding year are hereby ratified and confirmed.

Dated:  March 29, 2007

_____

Michael Theodorobeakos